This case was tried at Charleston, before Mr. Justice Johnson, who now delivered the opinion of the Court.
Johnson, J.
Before the Act of 16th December, 1815,[1] page 40, there is no question that the plaintiff would have been out of Court, and could *244 not have proceeded to renew his execution, after the expiration of a year and day from the return of the last preceding execution; and it only remains to be inquired, whether that authorized the renewal of this execution, under the circumstances ? The act provides, “ that it shall and may be lawful to issue execution on any judgment or decree of any Court of law or equity in this State, within three years after the signing or enrolment thereof, without any enrolment of the same.” The case was decided in the Circuit Court on a mistaken view of the facts, arising, probably, from my own misapprehension. It was thought that the execution had been renewed within three years, after the signing of the judgment, which was anterior to the act, and that the only question was, whether the act included judgments signed before its adoption? On this view of the facts, I am quite satisfied that the decision was correct; but, from what appears to be the true state of the facts, I am as well satisfied that it was erroneous. The evil which existed, and which the act was intended to remedy, was, that a plaintiff, who was disposed to indulge a defendant, after judgment, was compelled to renew his execution from term to term, as long as the indulgence continued, or lie could not proceed against him after a year and day, but by renewing the judgment by sci. fa., thereby augmenting the costs and protracting the recovery; and the remedy provided is, that the plaintiff may issue execution at any time within three years next after the signing of the judgment. The Act is so explicit, that it appears to me there is ^nothing left to construction. The plaintiff may issue execution at any time within three years after the signing of judgment, (a term, I think, quite long enough,) but after that period he must proceed with the same diligence as before the passing of the Act. In this case there had been no proceedings for more than a year and day, and more than seven years from the time of signing the judgment had elapsed before the execution was renewed.
Ford and De Saussure for the motion.
The motion ought therefore to be granted.
All the judges concurred.
■ See Acts, 1827, 6 Stat. 324: 1839, 11 Stat. 36, § 56 : 1847, 11 Stat. 433. 1 Sp. 347; 2 Start». 434.

 6 Stat. 5, l 3.